UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEE DRAPER,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE CORPORATION, et al.,<br><br>Defendants. | No. 2:17-cv-01299 KJM AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee.

I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

According to the application, plaintiff received money from "Disability, or worker's compensation payments" during the past 12 months. ECF No. 2 at 1 ¶ 3. However, plaintiff fails to disclose "the amount that you received and what you expect to receive in the future." See id. at 1. Moreover, plaintiff fails to disclose whether he receives other income from "Business, profession, or other self-employment," "Rent payments, interests, or dividends," "Pension, annuity, or life insurance payments," gifts or inheritances," or "any other sources." Id. at 1 ¶3(a)-(c), (e)-(f). Because of these omissions, plaintiff's IFP application fails to establish that he is

1

entitled to prosecute this case without paying the required fees.

## II. SCREENING STANDARDS

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III. COMPLAINT

Plaintiff names Google Corporation, Microsoft Corporation, and Facebook Corporation as the sole defendants in this lawsuit. ECF No. 1 at 1. The plaintiff seems to be alleging "theft by deception/ copyright infringement, falsifying court documents" as the basis for federal court jurisdiction. ECF No. 1 at 2.[1]

It is very difficult to understand the meaning of the complaint due to illegible handwriting and use of the incorrect court form. As best the court can tell, plaintiff is complaining about the publication of a book in which plaintiff had exclusive rights as the owner of the copyright. Id. at 3-6.

The complaint does not contain a "short and plain statement" setting forth the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), nor does the complaint establish the basis for plaintiff's claim (that is, who did what to plaintiff) and federal court jurisdiction as required by Fed. R. Civ. P. 8(a)(1)-(2). Moreover, it is difficult for the court to decipher what the alleged harm that the plaintiff suffered and which defendant

////

---

[1] Plaintiff filed his complaint utilizing the court form for a defendant's answer to a complaint. See ECF No. 1. The court directs the plaintiff to the form used to file a complaint in a civil case, which may be obtained from the court's website at:
http://www.caed.uscourts.gov/caednew/assets/File/1-%20Complaint%20for%20Civil%20Case.pdf

inflicted the alleged harm on the plaintiff. Accordingly the complaint must be dismissed for failure to state a claim.

## IV. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendant to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). To the extent possible, plaintiff should provide the information identified as missing above.

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009)("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis and your complaint are being dismissed, and you are being given an opportunity to submit an amended IFP application and amended complaint within 30 days. The amended complaint should be "simple, concise, and

| | |
|---|---|
| 1 | direct." You should provide information that clearly states (1) the basis for federal jurisdiction, |
| 2 | (2) the alleged harm you suffered and which defendant harmed you, and (3) the relief you are |
| 3 | seeking.  An amended complaint should briefly provide the necessary information, following the |
| 4 | directions above.  The court form for a complaint in a civil case will help you organize the |
| 5 | required information. |
| 6 | VI.  CONCLUSION |
| 7 | For the reasons explained above, IT IS HEREBY ORDERED that: |
| 8 | 1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without |
| 9 | prejudice to its renewal in proper form, as explained above. |
| 10 | 2. The complaint (ECF No. 1) is DISMISSED with leave to amend; |
| 11 | 3. Plaintiff may file his renewed IFP application and amended complaint within 30 days |
| 12 | of the date of this order.  If plaintiff files an amended complaint, he must comply with the |
| 13 | instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may |
| 14 | recommend that this action be dismissed for failure to prosecute. |
| 15 | DATED: August 15, 2017 |

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE